JONES et al. v. BODANESS et al.

No. 4173.

United States Court of Appeals. Tenth Circuit.

May 21, 1951.

Max D. Melville and W. A. McGrew, Denver, Colo. (Edward E. Pringle, Denver, Colo., was with them on the brief), for appellants.

Carle Whitehead, Denver, Colo. (Albert L. Vogl, Denver, Colo., was with him on the brief), for appellees.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The appellant brought this suit for infringement of Letters Patent No. 2,279,691, for a new and improved apparatus for washing venetian blinds or the like, referred to as the means patent; and Letters Patent No. 2,199,747, for an improved method for washing venetian blinds, or the like, by the use of the means patent. The latter will be referred to as the method patent.

Both patents are based upon the same drawings and specifications, which in general outline, disclose an undercut channel track suitably supported. A frame, designed to receive and enclose a venetian blind, is adapted to move along the track with the suspended blind between oppositely positioned spray heads. Between the spray heads are mechanically operated scrubbing brushes, mounted for reciprocal contact with the opposite surfaces of the suspended blind as it travels along the track past the spray heads. In operation, the suspended blind with the slats in substantially overlapping relationship, is fastened into the frame at the top and bottom. As it moves past the spray heads, cleansing fluid is forcibly projected against its surfaces, after which the slats in the blind are manually or mechanically reversed along their longitudinal axis in substantially overlapping relationship, and the process of cleaning, scrubbing and rinsing is repeated, after which it proceeds along the track to a drying station, or they may be permitted to air dry, especially if heated rinse water is used.

840

At the pre-trial conference, after issues were joined, appellants elected to rely upon Claim 1 of the means patent and Claims 5 and 6 of the method patent, as measuring the scope of the invention alleged to be infringed by the accused device. The validity of these claims was conceded, leaving only the issue of infringement.

Claim 1 of the means patent discloses an "apparatus for washing venetian blinds or the like, comprising a track, a frame of an internal size and configuration to receive such a blind, for suspending a blind on the track for movement therealong, and blind-sprayers at opposite sides of the track."

Claim 5 of the method patent discloses, "The method of washing venetian blinds or the like having reversible slats, that comprises projecting a spray of cleansing fluid onto the blind with the slats thereof in substantially overlapping relationship, reversing the slats along their longitudinal axis, and repeating the projection of the cleansing fluid onto the blind."

Claim 6 of the method patent discloses, "The method of washing venetian blinds or the like having reversible slats, that comprises scrubbing the surfaces of the blind while the slats are in substantially overlapping relationship, reversing the slats along their longitudinal axis, repeating the scrubbing action, and then impinging rinsing fluid onto the scrubbed surfaces."

In holding these claims uninfringed, the trial court specifically found that no where in the accused device was there a frame "of an internal size and configuration to receive a blind" as described in Claim 1 of the means patent, or the equivalent thereof. It also found that in the operation of the accused device, the slats of the blind being washed or cleaned were never "in substantially overlapping relationship," nor did the accused device employ the patentable step of reversing the slats along their longitudinal axis, nor the step of "repeating the projection of the cleaning fluid into the blind," or the equivalent of any of these steps as disclosed by Claim 5 of the method patent.

The court further found that in the operation of the accused device, there was no scrubbing of the blind with the slats "in substantially overlapping relationship" and no repetition of the scrubbing action; no impinging of cleansing fluid onto the scrubbed surface, or the equivalent of any such steps as disclosed in Claim 6 of the method patent. From the history in the Patent Office as disclosed by the file wrappers, the court found that in the prosecution of the application for the patents, the applicants had limited their claims in suit to obtain their allowance.

The accused apparatus comprises a track, as in the patents in suit; an overhead conveyor on which a suspended blind is moved between oppositely positioned spray heads, where cleaning fluid is forcibly projected on the surface of the blind. In operation, the blind is hung on the overhead conveyor by means of "hooks," one end of which catches the top rail of the blind, and the other the conveyor chain. With the blind thus suspended from the top and free at the bottom, and with the slats either horizontal or partially closed, it travels on the conveyor past the spray heads, positioned at vertical levels, to project a horizontal spray from the opposite sides of the blind. The blind travels from the cleaning spray to the rinsing chamber, where in the same manner it is subjected to a rinsing spray, hence to the drying chamber for the final cleaning process.

While the appellants concede that the accused device does not employ a frame in the literal sense, it does contend that the "hooks" on which the blinds are hung perform the same function in substantially the same way, and is therefore an infringing equivalent of the "frame" described in Claim 1 of the means patent. Appellants also concede that in the operation of the accused device, the slats of the blind are not placed in substantially overlapping relationship before subjecting them to the cleaning operation, or that they are reversed along their longitudinal axis to repeat the cleaning and rinsing process as disclosed in Claim 5 of the method patent. It does contend, however, that the "accused apparatus accomplishes precisely

those results by the ingenious device of positioning the spray heads at various levels in the washing chamber, and at various angles in the rinsing chamber, so as to cause the water to strike all surfaces of the slats of the blind as the latter passes through the machine. * * * In short, instead of accommodating the blind to the sprayer, as in Claim 5, the accused device accommodates the sprayers to the blind."

Appellants do not contend that the accused device employs the mechanically operated scrubbing brushes on the surface of the blinds while they are in substantially overlapping relationship, then reversing the slats along their longitudinal axis and repeating the action, then impinging rinsing onto the scrubbed surface as taught by Claim 6 of the method patent, but it says that the force of water as it strikes the surface of the slats necessarily operates as a hydraulic scrubbing means, hence performs substantially the same function in substantially the same way to infringe Claim 6.

█ Looking through form to substance, the courts have often said that if two devices do the same work in substantially the same way and accomplish substantially the same result, they are the same, though they differ in name, form or shape. Machine Co. v. Murphy, 97 U.S. 120, 125, 24 L.Ed. 953; Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097. And, to prevent piracy of an invention or copyright, the courts have generally said that if the accused device employs the principle of the patent and appropriates the substance of the invention, it infringes, although it differs in form or shape. Stearn-Roger Mfg. Co. v. Ruth, 10 Cir., 62 F.2d 442; Johns-Manville Corp. v. Nat'l Tank Seal Co., 10 Cir., 49 F.2d 142. "What constitutes equivalency must be determined against the context of the patent, the prior art, and the particular circumstances of the case. Equivalence, in the patent law, is not the prisoner of a formula and is not an absolute to be considered in a vacuum. It does not require complete identity for every purpose and in every respect. In determining equivalents, things equal to the same thing may not be equal to each other and, by the same token, things for most purposes different may sometimes be equivalents. Consideration must be given to the purpose for which an ingredient is used in a patent, the qualities it has when combined with the other ingredients, and the function which it is intended to perform. An important factor is whether persons reasonably skilled in the art would have known of the interchangeability of an ingredient not contained in the patent with one that was." Graver Tank Mfg. Co. v. Linde Air Products Co., supra, 339 U.S. at page 609, 70 S.Ct. at page 856.

█ Equivalence is a question of fact, to be determined in the first instance by the trial court, and is not to be disturbed on appeal unless clearly erroneous. The determination will be made through testimony of experts or others versed in the technology, by documents, including texts and treatises, and by the disclosures of prior art. Graver Tank Mfg. v. Linde Air Products Co., supra. The patentee is under the statutory duty to "particularly point out and distinctly claim the part, improvement, or combination, which he claims as his invention or discovery." 35 U.S.C.A. § 33. Halliburton Oil Well Cementing Co. v. Schlumberger Well Surveying Corp., 5 Cir., 130 F.2d 589; Dyer v. Coe, 75 U.S. App.D.C. 125, 125 F.2d 192. The scope of invention in every patent is measured by its allowed claim or claims, and that which is not claimed and allowed is dedicated to the public. Marconi Wireless Telegraph Co. of America v. United States, 320 U.S. 1, 23, 63 S.Ct. 1393, 87 L.Ed. 1731; Texas Co. v. Anderson-Prichard Refining Corp., 10 Cir., 122 F.2d 829.

█ A patentee may not utilize the doctrine of equivalence to recapture that which he surrendered by amendment in the Patent Office to obtain the patent. He must abide by the restrictions to which he submitted as a condition to the issuance of the patent. Exhibit Supply Co. v. Ace Patents Corp., 315 U.S. 126, 62 S.Ct. 513, 86 L.Ed. 736; Ruth v. Climax Molybdenum Co., 10 Cir., 93 F.2d 699.

842

■ In the first application for the patent, the applicant claimed a "means for suspending a blind on the track for movement therealong." The examiner rejected this claim as structurally fully met by Russell 2,036,503. Responsive to this rejection, the applicant amended the rejected Claim 1 to change the word "means" to "a frame". The amended Claim was rejected as not patentable over Russell in view of Pierce 1,921,479, which discloses a frame for supporting sheets of glass while being cleaned. The examiner observed that the term "frame" was "very broad and not limited to applicant's structure although this is similar to a more specific meaning of the word." The applicants thereupon amended the claim to overcome the rejection by making Claims 1 and 10 read "a frame of internal size and configuration to receive such blind" and this is the form in which Claim 1 was allowed. There was expert testimony to the effect that while the hooks employed in the accused device to hang the blinds on the conveyer would be the infringing equivalent of "a means for suspending a blind", they were not the infringing equivalent of the "frame" specifically described in the allowed claim. In view of the file wrapper history, the prior art, an expert testimony, the trial court was fully justified in refusing to apply the doctrine of equivalence to Claim 1 of the means patent.

■ The file wrapper history shows that Claims 5 and 6 of the method patent were previously presented as new Claims 24 and 25, in substitution for previous Claims 21, 22 and 23. The original claims 21, 22 and 23 all disclosed a method of washing the blind by moving the suspended blind through a forcibly projected spray of cleansing fluid, simultaneously subjecting surfaces on opposite sides of the blind to a scrubbing action, and then impinging rinsing fluid on said surfaces. These claims were rejected as drawn to the obvious method of cleaning a venetian blind in view of either Sundh 1,436,464 or Schutte 1,963,063. The latter references fully disclosed the process of forcibly spraying water or other liquid on the object being cleaned, brushing or scrubbing both sides and then rinsing both sides. The examiner pointed out that the only unobvious result effected by the inventive concept was associated with the steps of beginning the cleaning process with the slats of the blind in substantially overlapping relationship, then reversing the slats along their longitudinal axis and repeating or continuing the cleaning process. Claims 5 and 6 are in response to this suggestion, and it is clear that the only inventive elements recognized in the Patent Office are the added steps embraced in these claims. There was credible testimony to the effect that the method employed by the accused device was not an infringing equivalent of this narrow concept, and the trial court was fully justified in so holding.

The judgment is affirmed.