**PHILIP SITTON SEPTIC TANK COM-PANY, Appellant,**

v.

**W. M. HONER d.b.a. Midwest Sanitation Company, Appellee.**

**No. 6123.**

United States Court of Appeals
Tenth Circuit.

Dec. 29, 1959.

H. H. Brown, Washington, D. C. (John H. Widdowson, Wichita, Kan. and H. A. Toulmin, Jr., Washington, D. C., were with him on brief), for appellant.

Emmet A. Blaes, Wichita, Kan. (John W. Brimer, Wichita, Kan., was with him on brief), for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and PICKETT, Circuit Judges.

MURRAH, Chief Judge.

The appellant sued for infringement of its patent (No. 2,483,564) for an improved elliptical shaped septic tank, and for other appropriate relief. The trial court gave summary judgment on

the grounds of both invalidity and non-infringement.

Our first question is whether the patent in suit is patentable over a prior patent (No. 2,440,762), issued to the same patentee for a polygon-type septic tank. The object of the patent in suit was to provide an improved septic tank of elliptical design in which the sludge formation would move uniformly over the bottom of the tank, and by this improved action or flow pattern, the life of the tank (i. e. the period between cleanings) would be prolonged. A further object of the patent was to provide a fully portable tank with maximum strength against ground pressures after installation. To accomplish these objectives, the patentee offered a tank "substantially elliptical in transverse cross section and in which the inner walls of the tank are in the form of a continuous arc from the ends of the tank toward the middle thereof." [1] Counsel described the tank as elliptical shaped, substantially twice as long as wide, and the same size from top to bottom with elliptical cross-sections, and stated that the tank was thus designed to allow the sewage to move upwardly and downwardly as it flowed frictionlessly through the tank.

The prior tank (No. 762) was described as an improved concrete septic tank in the shape of a polygon, the wall section consisting of a "plurality of straight side wall portions or chordal sections that are continuous with one another to form a unit structure. These side wall portions or chordal sections are arranged generally as a conic section, such as an ellipse, but in the form of a polygon in view of the many straight sides of the wall section." [2] This septic tank, "gen-

1. The one and only claim was to: "A septic tank consisting of, a bottom wall, vertically arranged side wall means forming a hollow body providing an unobstructed elliptical chamber of the same size from top to bottom thereof having an internal length substantially twice that of the internal width thereof with the maximum width of the chamber being midway between opposite ends of the chamber, an inlet and an outlet in said side wall means adjacent the upper edge thereof and positioned in the end extremities of the said chamber, said chamber having the inner wall thereof forming an ellipse at all transverse cross-sections of the chamber from top to bottom thereof against which said inner wall fluids move in a continuously expanding flow across said chamber from said inlet end thereof to the median portion of said chamber and in a continuously contracting flow from the said median portion of said chamber to said outlet end thereof, said inner wall at both sides of the chamber having a continuous arc of curvature that continuously decreases from each end of the chamber toward the center portion thereof with the center portions of the inner walls forming the minimum arcuate portions and the end portions forming the maximum arcuate portions, and baffle means extending across said elliptical chamber into engagement with said arcuate walls thereof at each end of the chamber adjacent the inlet and outlet and extending from a position above the respective levels of said inlet and outlet openings to a position below the respective levels of said inlet and outlet openings."

2. The one and only claim to this patent was to: "A septic tank comprising, a bottom wall, side wall means forming a generally elliptical hollow body with a length substantially twice that of the width thereof and comprising a plurality of joined flat chordal sections, the said side wall means cooperating with said bottom wall to form a tank, inlet and outlet openings in said side wall adjacent the upper edge thereof and positioned in substantially the end extremities of the elliptical body, baffle means extending transversely across said elliptical body adjacent said inlet opening and forming with said side wall means a chamber expanding outwardly in the direction of flow of material into the septic tank, baffle means adjacent said outlet opening, and cover for closing the tank formed by said side walls and bottom wall, said septic tank having inner walls which are entirely unobstructed except for said baffle means at the ends of the tank, the angles of juncture of the inner walls of the chordal sections forming corners whose angles increase from each end of the tank toward the center thereof, and the angles of the inner walls made by the chords adjacent the center being slightly less than 180°, the opposite ends of each of said baffles being anchored into the sides of a pair of opposite confronting chordal sections."

erally in the form of an ellipse, in the nature of a polygon," was designed to give "the incoming waste matter a relatively large distance to travel to the outlet opening and permitting the settling of the waste matter in the tank," thus making it "superior to a circular tank of equal capacity because of the increased flow travel distance between inlet and outlet openings." The shape and design of this tank was said to also provide greater strength against ground pressure after installation.

The patent in suit (No. 564) is said to represent a combination of elements, all cooperating together to produce a new and unexpected result over the septic tank of the prior patent. And see Consolidated Electrodynamics Corp. v. Midwestern Instruments, 10 Cir., 260 F.2d 811; Doran Coffee Roasting Co. v. Wyott Mfg. Co., 10 Cir., 267 F.2d 200. The trial court's judgment of invalidity is based, in part at least, upon the admissions of the patentee on the record to the effect that the latter patent performed substantially the same operation in substantially the same way as the former. And, the patentee concedes as much in his brief. He insists, however, that his claim in the latter patent is not to the function or process, but to the structure or product itself; and that the trial court misconceived the claim and the result achieved by the patent which forms the basis for his invention.

■ It is of course true that "product patents or patents of compositions of matter are distinct from patents of the process by which the product may be produced * * *." And, that "the former, if sufficiently described, may exist and be sustained independently of the latter." Holland Furniture Co. v. Perkins Glue Co., 277 U.S. 245, 48 S.Ct. 474, 478, 72 L.Ed. 868. But, it is equally true that the product patent may not be enlarged by describing it "exclusively in terms of its use or function." Holland Furniture Co. v. Perkins Glue Co., supra.

The new and unexpected result which gives this structure patentable invention

is said to lie in providing "a phenomenal increase in the strength of the tank as well as providing the necessary twice the length as width for adequate digestive action." This patentable result is said to be achieved by progressing structurally from a tank in the form of an ellipse in the nature of a polygon to a true ellipse.

■ While it was admitted that none of the septic tanks in suit had been manufactured or sold, a license had been issued to one licensee, and there was also proof to the effect that the more perfect the ellipse the greater the strength and efficiency of the tank. And, the award of a patent over the prior art of the former patent of course creates a presumption of validity. But the ultimate question of validity is one of law for the court to decide. Consolidated Electrodynamics Corp. v. Midwestern Instruments, supra, and cases cited. And, under firmly established patent law, the product or process must not only be a new and useful improvement over the prior art, it must not be obvious to one of ordinary skill in the related art. Doran Coffee Roasting Co. v. Wyott Mfg. Co., supra; Consolidated Electrodynamics Corp. v. Midwestern Instruments, supra; Blish, Mize and Silliman Hardware Co. v. Time Saver Tools, 10 Cir., 236 F.2d 913; Baum v. Jones & Laughlin Supply Co., 10 Cir., 233 F.2d 865; Hutchinson Mfg. Co. v. Mayrath, 10 Cir., 192 F.2d 110; Shaffer v. Armer, 10 Cir., 184 F.2d 303; Jamco, Inc. v. Carlson, 10 Cir., 274 F.2d 338.

■ From a reading of the claims and specifications of the prior patent, it is unmistakably plain that the patentee envisaged a "generally elliptical hollow body with a length substantially twice that of the width." He achieved his objective in the first patent by a plurality of joined flat chordal sections, resulting in a polygon tank which he represented as more resistant to earth pressures than tanks having a true arcuate contour. In any event, whatever the result or advantages, we agree with the trial court that the only steps to be taken in the ultimate achievement of the true

**814**

ellipse was the narrowing of the flat chordal sections. This, we also agree, required only the skill of a mechanic in the septic tank art. The judgment is affirmed.