**TECHNICAL DEVELOPMENT CORPO-RATION and Franklin F. Offner, Plaintiffs,**

**v.**

**SERVO CORPORATION OF AMERICA, Defendant.**

**Civ. No. 17334.**

United States District Court E. D. New York. March 29, 1960.

Kenyon & Kenyon, New York City, for plaintiffs, Ralph L. Chappell, Richard A. Huettner, New York City, of counsel.

Mitchell & Bechert, New York City, for defendant, Roy C. Hopgood, John M. Calimafde, New York City, of counsel.

BRUCHHAUSEN, Chief Judge.

This is an action for infringement of claim 2 of the Offner patent No. 2,517,-702, issued August 8, 1950. The defense is non-infringment and invalidity.

The plaintiff, Dr. Offner, developed an electronic circuit sensitive to heat radiation. The purpose of the circuit was to obtain an accurate signal free from internal circuit noises. This problem was made known to Dr. Offner at the Massachusetts Institute of Technology. The device used by scientists there was studied by Dr. Offner. He subsequently developed the present circuit. The elements used were all known to the art. However, the assembling of them by Dr. Offner in such combination eliminated the high or low frequency noises thereby permitting an accurate measurement of the desired signal.

The defendant manufactures pyrometers and it is alleged it uses the plaintiff's combination to measure infra-red radiation.

The defense is want of invention in view of the prior art and non-infringement.

### Non-Infringement

Dr. Offner developed his device during wartime when the National Defense authorities were interested in an accurate homing device seeking out targets. Dr. Offner in presenting his patent to the United States Patent Office described it as a locating device in his specifications and in his diagrams. The patentee must

particularly point out and distinctly claim the part, improvement or combination which he claims as his invention or discovery. 35 U.S.C.A. § 112. It is a statutory duty. Doran Coffee Roasting Co. v. Wyott Manufacturing Co., 10 Cir., 267 F.2d 200, 202; Jones v. Bodaness, 10 Cir., 189 F.2d 838, 841; Helene Curtis Industries v. Sales Affiliates, 2 Cir., 233 F.2d 148, 160; Georgia-Pacific Corp. v. United States Plywood Corp., 2 Cir., 258 F.2d 124.

The plaintiff's witness, Dr. Offner, on cross-examination (R. 122) agreed that nowhere in the patent is a reference made to the device being capable of measuring temperature. He believed that the claim was broad enough to encompass a pyrometer. Dr. Offner also agreed (R. 122) that he did not specifically describe his device to be useful as a pyrometer. It is incumbent upon the patentee to claim and describe his patent. The Supreme Court in Ball & Socket Fastener Co. v. Kraetzer, 150 U.S. 111, 112, 116, 14 S.Ct. 48, 49, 37 L.Ed. 1019, wrote:

"If this feature be an advantage, as now claimed, it is strange that no allusion is made to it in the specifications."

■ Mere mention in the specifications is insufficient to uphold a patent. Thompson v. Westinghouse Electric & Mfg. Co., 2 Cir., 116 F.2d 422.

■ The record discloses no suggestion that the developed system can be used for measuring the temperature of an object, but it is stated that it measures the amplitude of a signal (R. 166). It would have to be calibrated, but there is no teaching in the patent of the method of calibration. It is well settled that claims must be construed in the light of specifications and drawings. Holtzer-Cabot Electric Co. v. Standard Electric Time Co., 1 Cir., 111 F.2d 71. In International Latex Corp. v. Warner Brothers Co., 2 Cir., 276 F.2d 557, approving Carl Braun, Inc. v. Kendall-Lamar Corp., 2 Cir., 116 F.2d 663, 665, the Court wrote:

"Infringement is not proved simply by the language used in a claim without regard to the specifications. It must be proved by showing that the claim covers what is alleged to infringe when the claim is read upon the specifications which describe the invention."

Nowhere in Dr. Offner's patent is there a specification or diagram relating to pyrometers. As previously stated the patent specifications and diagrams refer to the object as a "locating device."

■ The patent is limited to object location and claim 2 is not broad enough to encompass temperature measuring devices. Accordingly there is no infringement.

Invalidity

We now proceed to consider the validity of the patent as a locating device. It is agreed that all of the component parts were known to those skilled in the art.

■ The applicable rule as stated in Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 151, 71 S.Ct. 127, 130, 95 L.Ed. 162 is:

"The mere aggregation of a number of old parts or elements which, in the aggregation, perform or produce no new or different function or operation than that theretofore performed or produced by them, is not patentable invention."

The Court states further in Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., supra, 340 U.S. at page 152, 71 S.Ct. at page 130:

"The conjunction or concert of known elements must contribute something; only when the whole in some way exceeds the sum of its parts is the accumulation of old devices patentable. Elements may, of course, especially in chemistry or electronics, take on some new quality or function from being brought into

concert, but this is not a usual result of uniting elements old in mechanics."

Offner combined six well known elements in combination that produced a means for calibrating accurate measurements of a desired signal free from noises within the circuit. Accurate measurements were necessary for efficient homing missiles. This problem confronted those skilled in the art up to the time Dr. Offner developed his circuit. This matter baffled scientists at Massachusetts Institute of Technology. It was not obvious to those skilled in the art, who worked and assembled these selfsame elements but were unable to achieve the desired result. As stated by Judge Learned Hand in B. G. Corporation v. Walter Kidde & Co., Inc., 2 Cir., 79 F.2d 20, 22:

"It it that act of selection which is the invention; and it must be beyond the capacity of common-place imagination. Often we can truly treat the inquiry as one of fact by observing what went before and what followed. If the combination would have had practical value long before it appeared, if no impediment, technical, or commercial, stood in the way, if during that time others had been at work upon the same subject, and if the invention was at once accepted as an answer to the old need, there is usually just basis for the inference."

The defendant cites several prior patents to indicate anticipation of the circuit. However, it failed to show in these prior patents the specific combination of claim 2. To be anticipatory, a patent must, to use the language of Judge Learned Hand:

" * * * Bear within its four corners adequate directions for the practice of the patent invalidated. If the earlier disclosure offers no more than a starting point for further experiments, if its teaching will sometimes succeed and sometimes fail, if it does not inform the art

without more how to practice the new invention, it has not correspondingly enriched the store of common knowledge, and it is not an anticipation." Dewey & Almy Chemical Co. v. Mimex Co., 2 Cir., 124 F.2d 986, 989.

See also Lincoln Stores, Inc. v. Nashua Mfg. Co., 1 Cir., 157 F.2d 154. If the prior patent does not solve the problem which the subsequent patent solves successfully, there is no anticipation. Williams Iron Works Co. v. Hughes Tool Co., 10 Cir., 1940, 109 F.2d 500. This is the situation in the case at bar. Offner's patent enabled a desired signal to pass through a circuit free from any internal noises for accurate measurement. There was ample evidence to support the crucial determination that the difference between the subject matter of Offner's patent and the prior art was not one which would have been obvious to a person having ordinary skill in the relevant art. Lyon v. Bausch & Lomb Optical Co., 2 Cir., 224 F.2d 530, rehearing denied 350 U.S. 955, 76 S.Ct. 341, 100 L.Ed. 831. His elements were: (1) An infra-red radiation sensitive element producing electrical current variations in response to variations in incident radiation, (2) Means for cyclically varying the radiation on said element, (3) Current translating means connected to said element, (3a) Said translating means providing two symmetrically varying output voltages of opposite polarity, (4) Switching means synchronous with said radiation varying means, (5) Resistance-capacity averaging means, (5a) Connected by said switching means to one said symmetrically varying output voltage during one-half of each cycle of radiation variation, and to the other said voltage during the opposite half of each cycle, and (6) Voltage sensitive means connected to said averaging means.

The circuit embodying these elements and arranged in this combination is sensitive to infra-red radiation and produces an output voltage which is com-

mensurate with the amplitude of the infra-red radiation. It is also sensitive to voltages due to internal noises produced by its components, but it eliminates these voltages so that its output is a true measure of the amplitude of the infra-red radiation. These elements, although each old in the art, produced results in the combination never before achieved.

The subject patent is valid as a locating device. However, claim 2 is not broad enough to include pyrometers.

Settle findings and decree on ten days' notice.